UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIVIL ACTION, FILE NUMBER 02 - 2762

| | |
|---|---|
| New England Life Insurance Company ) <br> 501 Boyston Street ) <br> Boston MA 02116 <br>  Plaintiff ) <br> v. ) <br> Anthony J. DiMartino ) <br> 35 Carter Road ) <br> Thornton PA 19373 ) <br>  Defendant ) | |

## **ANSWER**

Defendant, Anthony J. DiMartino answers plaintiff's complaint as follows:

 1. Admitted.

 2. Defendant's correct address is as related above.

 3.-21. Admitted.

 22. Defendant is without knowledge or information sufficient to form a belief as to what, if anything, plaintiff did or did not rely upon and, therefore, defendant denies all such allegations. Admitted that the policy in question was issued.

 23.-25. The policy speaks for itself and plaintiff's characterization of same is unnecessary and denied as invalid.

 26.-28. Admitted.

 29.- 30. Denied. It is specifically denied that defendant, at any time, failed to disclose material medical information to plaintiff.

 31.-32. Defendant denies that defendant's medical history was either undisclosed or misrepresented. Defendant is without knowledge or information sufficient to form a belief as to what, if anything, plaintiff did or did not rely upon and, therefore, defendant denies all such allegations.

33.-36.    Defendant is without knowledge or information sufficient to form a belief as to what plaintiff asserts that it did and, therefore, defendant denies all such allegations.

37.-38.    Admitted.

39.-41    Denied as plaintiff's incorrect interpretation of the terms of the policy.

42    No response required.

43.    Admitted.

44.-46.    Denied as plaintiff's incorrect statement of legal issues.

47.    No response required.

48.-53.    Denied. On the contrary defendant gave to plaintiff full and complete and truthful answers to each and every question that plaintiff propounded to defendant.

54.    Denied that defendant failed to disclose medical history. Defendant is without knowledge or information sufficient to form a belief as to plaintiff's thought processes in issuing the policy and, therefore denies same.

55.    Denied as a conclusion of law to which no further response is required.

56.    No response required.

57.-60    Denied that defendant failed to disclose defendant's true and correct medical history. Denied that defendant made any fraudulent misrepresentations of any kind. Defendant is without knowledge or information sufficient to form a belief as to plaintiff's thought processes regarding the policy and, therefore denies same.

WHEREFORE, defendant demands judgment in his favor and against plaintiff together with counsel fees and costs.

Defendant's First Affirmative Defense
At all times pertinent hereto defendant made true and correct and truthful and full reply to all inquiries made by plaintiff.

Defendant's Second Affirmative Defense
At all times pertinent hereto the inquiries propounded by plaintiff to defendant were inquiries that plaintiff alone formulated; and, defendant made true and correct and truthful and full reply to all of such inquiries made by plaintiff and plaintiff is bound by defendant's responses to same.

Defendant's Third Affirmative Defense
Inasmuch as the inquiries propounded by plaintiff to defendant were inquiries that plaintiff alone formulated plaintiff was under a legal obligation to follow up and investigate any of defendant's responses that plaintiff, solely in its discretion, deemed to warrant such investigation.

Defendant's Fourth Affirmative Defense
Defendant is incapacitated due to the condition of osteomyelitis. Defendant did not contract the disease osteomyelitis until 1998. In 1996, when defendant applied for the policy in question, it was impossible for defendant to know that some two years later he, defendant, would contract osteomyelitis.

Defendant's Fifth Affirmative Defense
Defendant is entitled to recover counsel fees and costs from plaintiff.


WHEREFORE, defendant demands judgment in his favor and against plaintiff together with counsel fees and costs.


_____
James Dunworth, Attorney for defendant
Attorney ID: 15434
1534 Pughtown Rd. Box 149
Kimberton  PA 19442
Phone (610) 935-2700
Facsimile (610) 935-2865

Dated: June 8, 2002

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIVIL ACTION, FILE NUMBER 02 - 2762

| | |
|---|---|
| New England Life Insurance Company | ) |
| 501 Boyston Street | ) |
| Boston MA 02116 | |
| Plaintiff | ) |
| v. | ) |
| Anthony J. DiMartino | ) |
| 35 Carter Road | ) |
| Thornton PA 19373 | ) |
| Defendant | ) |

**CERTIFICATION OF SERVICE**

I, James Dunworth, Attorney for defendant in the within matter, hereby certify that a copy of:
defendant's Answer to plaintiff's Complaint
was placed in the U.S. mail, first class delivery, postage prepaid, and addressed to counsel for plaintiff, whose name and address follows:
Barbara K. Gotthelf, Esq.
McCarter & English, LLP
Mellon Bank Center
Suite 700
1735 Market St.
Philadelphia PA 19103-7601

_____
James Dunworth, Attorney for defendant

Dated: July 17, 2002

Case 2:02-cv-02762-JG     Document 5     Filed 07/19/2002     Page 5 of 5